COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

October 15, 2014

Daniel B. Rath, Esquire
K. Tyler O'Connell, Esquire
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801

Thomas M. Horan, Esquire
Womble Carlyle Sandridge & Rice, LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801

Re: *ReCor Medical, Inc. v. Warnking*
C.A. No. 7387-VCN
Date Submitted: May 14, 2014

Dear Counsel:

Plaintiff ReCor Medical, Inc. ("ReCor") prevailed in this Court on its claim

that it owns certain Transferred Intellectual Property.[1] The Court also concluded

that ReCor was entitled to recover its attorneys' fees and expenses by virtue of an

Employee Non-Disclosure, Non-Competition, and Invention Assignment

---

[1] *ReCor Med., Inc. v. Warnking*, 2013 WL 3760022 (Del. Ch. May 31, 2013), *aff'd*, 85 A.3d 89 (Del. 2014) (TABLE). Familiarity with the facts set forth in that memorandum opinion is assumed.
 It may be appropriate to note that ReCor acquired the Transferred Intellectual Property under a "catch-all" provision of the asset purchase agreement and it did not specifically pay for that asset; indeed, there were no negotiations about its value. It was not disclosed (and much of the trial was about that failure). Accordingly, ReCor bought an asset (or a concept) that it did not know it was buying and for which it negotiated no specific price.

Agreement (the "IAA"), which provided: "The prevailing party in any litigation arising under [the IAA] shall be entitled to recover his or its attorneys' fees and expenses in addition to all other remedies."[2]

Defendants Reinhard Warnking ("Warnking") and Sound Interventions, Inc. ("SII") (collectively, the "Defendants") appealed the final judgment entered under Court of Chancery Rule 54(b). The Supreme Court affirmed and identified the two issues remaining for this Court's resolution: "first, the parties' dispute over the amount of attorneys' fees and expenses to be awarded to ReCor; and, second, the question of whether the Defendants should be credited with their attorneys' fees and costs incurred in the filings and prosecution of the Transferred Intellectual Property."[3] ReCor's fee applications include fees[4] incurred before bringing the litigation in this Court, its fees incurred during the litigation in this Court, and its fees incurred during the appellate proceedings.[5] It seeks a total of $1,130,993.35.[6]

---

[2] JX 4 § 5; *see* Final Judgment, July 16, 2013, ¶ 6.

[3] *Warnking v. ReCor Med., Inc.*, 85 A.3d 89, 2014 WL 457786, at *1 (Del. 2014) (TABLE).

[4] For convenience, a reference to "fees," unless the context requires otherwise, will generally include expenses as well.

[5] ReCor filed separate fee applications: one on July 23, 2013, and a supplemental one on February 21, 2014.

[6] *See* Letter of Daniel B. Rath, Esq., Mar. 14, 2014, at 4.

* * *

As a general matter, the fees sought by ReCor fall within a range of reasonableness.[7] Defendants do, however, offer several grounds for either reducing or offsetting those fees. Although the Court is addressing ReCor's fee applications, it will be more orderly to deal with the Defendants' contentions.

A. *Pre-Chancery*

ReCor acquired the Transferred Intellectual Property and related assets and rights in a bankruptcy proceeding.[8] Before commencing litigation, it attempted to resolve its disputes with Defendants through negotiation. That effort, which resulted in fees of approximately $64,000, was unsuccessful, but it developed and framed the issues which were eventually litigated in this Court. ReCor's entitlement to recover its fees is a matter of contract. The contract does not limit recovery to fees incurred during litigation, although it does require prevailing in litigation, as ReCor did. It is appropriate, and arguably required, to attempt to

---

[7] *See* Decl. of Vito A. Canuso III in Supp. of Award of Fees and Costs to Pl. ReCor Med., Inc.; Suppl. Decl. of Vito A. Canuso III in Supp. of Award of Fees and Costs to Pl. ReCor Med., Inc.

[8] *See* Decl. of John W. Holcomb in Supp. of Award of Fees and Expenses to Pl. ReCor Med., Inc. ("Holcomb Decl.") Ex. 1 (Order Authorizing Debtor [ProRhythm, Inc.] to Sell Certain Assets to ReCor Medical, Inc. Free and Clear of All Liens, Claims, Interests and Encumbrances).

resolve disputes before bringing litigation. That is what ReCor did. If those efforts had been successful, without resort to litigation, there would be no right to recover fees. The fees, however, were incurred reasonably, and the amount of the fees, in light of the effort reasonably necessary, is reasonable.

ReCor commenced litigation against the Defendants in Bankruptcy Court. Eventually it was determined that the Bankruptcy Court did not have jurisdiction. The Defendants argue that filing in the wrong court generated unnecessary and, hence, unreasonable fees. The question of whether the Bankruptcy Court had jurisdiction was subject to debate,[9] and ReCor did not act unreasonably in bringing its claims to the court which authorized the transaction by which it acquired the Transferred Intellectual Property. Moreover, to a limited extent, discovery from the bankruptcy proceeding was used in this Court, and that avoided some expenses that would otherwise have been incurred here. The fees incurred in the bankruptcy litigation were reasonable and were part of a proper effort to bring this matter to conclusion, ultimately in the courts of this State.

---

[9] The Bankruptcy Court's order authorizing the sale, *see supra* **note 8,** at ¶ 34, generally provided that the Bankruptcy Court would retain exclusive jurisdiction over any dispute between ProRhythm and ReCor.

B.  *Court of Chancery Proceedings*

Defendants complain about duplication and excessive conferencing among ReCor's attorneys.[10]  Multiple lawyers worked on similar tasks and attended the same hearing.[11]  It is reasonable to conclude that the efforts of ReCor's attorneys, when measured through hindsight, could have been more efficient.  That may well be an almost universal truism about legal services.  In this instance, there is no objective basis for concluding that the efforts of counsel were anything other than reasonable and consistent with their professional judgment.

ReCor filed its complaint in this Court with seven counts.  By the time trial arrived, ReCor had two counts remaining, and after trial, it had prevailed on one count.  The Defendants argue that the number of counts for which ReCor did not achieve success renders its fees unreasonable because of unnecessary or unjustified claims.  It is not uncommon for several theories of recovery to be asserted and for the pretrial process to narrow the scope of the proceeding.  That is what has

---

[10] This is a concern that extends beyond the limits of the litigation in this venue.
[11] Even though several attorneys participated, the litigation team was relatively small.

happened here. The two counts that went to trial overlapped and the Court did not address ReCor's fiduciary duty claim because it had no need to do so.[12]

However, five counts were abandoned in the Pretrial Order and Stipulation and dismissed "with prejudice, with each party to bear its own fees and costs."[13] Thus, the parties agreed before trial that ReCor could not collect its attorneys' fees incurred with respect to the five dismissed claims, even if it did prevail on one of the two remaining claims. Although ReCor relinquished any right to fees incurred in having pursued the five abandoned claims, no methodology for separating out those efforts has been suggested. The claims all involved essentially the same facts, and it is unlikely that any material effort was dedicated specifically to any of the abandoned claims. No doubt there was some minimal work performed distinctly on the five abandoned claims, but modification of the fee award for that reason would be arbitrary. Proof of entitlement to its fees is, of course, ReCor's burden.

---

[12] *ReCor*, 2013 WL 3760022, at *18.
[13] Pretrial Stip. ¶ 5.

Defendants point out that they incurred $400,000 in attorneys' fees in this Court, while ReCor incurred more than twice that amount. This single statistic, the Defendants argue, demonstrates that ReCor's fees are unreasonable. Although it is easy to sympathize with the Defendants, litigation typically imposes a heavier burden on the plaintiff which must "prove its case." That, coupled with the limited deference accorded to the professional judgment of ReCor's attorneys, persuades the Court that it has no principled basis for reducing ReCor's fees on these grounds.

C. *Appellate Proceedings*

During the appeal, the Defendants sought interim injunctive relief to protect a patent application for the Transferred Intellectual Property. Although the Defendants did not prevail, their efforts were justified in large part because of ReCor's uncertain conduct. Protecting the patentability of the Transferred Intellectual Property was in the best interests of all parties. As a result of the Defendants' efforts, ReCor rethought its approach, and, thus, it received a benefit from Defendants' efforts. The fees incurred by ReCor in resisting Defendants' efforts would not have been needed if ReCor had been more attentive to the patent process and had been more forthcoming with the Defendants in terms of its

intentions. Accordingly, the fees incurred by ReCor in resisting the Defendants' application for interim injunctive relief during the appeal are denied. The amount of reduction based on this effort would be $67,708.

D. *Setoffs*

Defendants ask to setoff against the fees owed to ReCor the fees they incurred in prosecuting the patent applications related to some of the Transferred Intellectual Property and the business costs incurred in developing and supporting the underlying technology for patent consideration. The fees attributable to patent prosecution amount to $139,936.09.[14] The business development costs exceed $1.5 million.[15]

Defendants' application is committed to the Court's equitable discretion. There is no contractual right at issue. Instead, pursuing the patents and developing and testing the technology were appropriate, and ReCor, not the Defendants, will obtain the benefits resulting from the Defendants' expenditures.

---

[14] Decl. of David A. Smith (Ex. A to letter of Thomas M. Horan, Esq., Mar. 7, 2014) Ex. 1.

[15] *Id.* Ex. 2. These costs consist of $1,060,444.59 in research and development expenses; $376,007.19 in animal study expenses; and $247,177.63 in clinical expenses.

Under these circumstances, it is appropriate that the Defendants be reimbursed for the costs of prosecuting the patents.[16] The question was before the Court at the time of the appeal. Perhaps the prosecution costs are not as well documented as one might want, but they are reasonable, and the Defendants are entitled to a setoff in their amount.

Recovery of the business costs is a different question. These expenditures evidently were discussed during oral argument before the Supreme Court, but the Supreme Court's Order does not speak of business costs. It refers to "attorneys' fees and costs incurred in the filings and prosecution of the Transferred Intellectual Property." The Defendants previously sought that relief in this Court. Nothing in the record before the appeal addressed business expenses. In addition, not all of the business expenses are fairly attributable to the technology which ReCor obtained through the litigation. Accordingly, Defendants' application for a credit or a setoff for business costs is denied.[17]

---

[16] The Court reserved this issue before Defendants appealed. Final Judgment, ¶ 6.

[17] Furthermore, documentation of these costs is distressingly superficial. Decl. of David A. Smith Ex. 2.

* * *

ReCor has demonstrated that it reasonably incurred net fees in the amount of $923,349.26, in connection with the litigation through which it obtained the Transferred Intellectual Property. This amount reflects two adjustments: first, denial of fees related to the interim injunctive relief sought during the pendency of the appeal; and second, a credit to the Defendants for the costs of their patent prosecution which conferred a distinct benefit upon ReCor.[18]

Counsel are requested to confer and to submit an implementing form of order.

Very truly yours,

*/s/ John W. Noble*

JWN/cap
cc:    Register in Chancery-K

---

[18] The Defendants have not argued that liability for attorneys' fees should be imposed upon Warnking but not upon SII.